BECKIE FISHER, Respondent, v. JOSEPH LEVINE, Appellant, and FANNIE GOSSETT, Defendant.— Judgment reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event. The plaintiff, Beckie Fisher, in the first action seeks to have canceled and discharged of record a bond and mortgage which purported to have been made by her to Fannie Gossett on the 25th of October, 1926, and assigned by Fannie Gossett to the appellant, Joseph Levine. The plaintiff in the second action, Joseph Levine, seeks to foreclose the mortgage described in the first action, which he claims to own under an assignment from Fannie Gossett, the original mortgagee. The issue is whether or not the bond and mortgage and the assignment were forgeries. Plaintiff Fisher, in the first action, is an illiterate woman and, concededly, held the property as a dummy for her nephew and niece, defendants Selig J. Weiner and Lillian Weiner. She knew nothing except that she held the property in her name for the Weiners. Title is now in name of Lillian Weiner. The appellant was represented in this transaction by one Turkat. Turkat absconded in March, 1927. Turkat had also represented the Weiners and the plaintiff Fisher. Why the Weiners, in possession of their property and collecting the rents, held it in the name of Beckie Fisher and Beckie Fisher's immediate grantor, one Anna Olkoff, Turkat's sister-in-law, does not appear. Appellant offered proof of a conversation between him, his son and his lawyer in the presence of Lillian Weiner, the present record owner of the property, concerning this mortgage at the time he inspected

the premises before purchasing the mortgage, which purchase the trial court found upon the evidence was in good faith. Under the circumstances we are of opinion that the exclusion of this testimony was error. Further, appellant testified that he received payment of the first installment and interest under the mortgage by check. Although appellant did not remember by whom the check was drawn, we are of opinion that this is an incident which should be explained by the Weiners. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.